# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-19-00019-CV

Elisa R. Montoya, Appellant

v.

Rose Rubio, Appellee

FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
NO. C-1-PB-18-001609, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Elisa R. Montoya, acting pro se, filed a notice of appeal on December 21, 2018. On February 22, 2019, the Clerk of this Court sent notice to appellant that it appeared that this Court lacked jurisdiction over this appeal because this Court is limited to appeals in which there exists a final judgment or appealable order. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a) (listing orders that are subject to interlocutory appeal); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"). The Clerk requested a response explaining how this Court may exercise jurisdiction over this appeal. Specifically, appellant needed to identify a final judgment or order that was subject to appeal.

Although appellant has filed a response to the Clerk's notice, she failed to demonstrate this Court's jurisdiction over this appeal. Appellant purports to appeal from the trial

court's order granting Rose Rubio's traditional motion for partial summary judgment that was signed by the trial court on November 20, 2018. Among the relief granted in the order, the trial court awarded attorney's fees under the Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code § 37.009 (authorizing court to award "reasonable and necessary attorney's fees as are equitable and just"). The trial court, however, did not determine the amount of attorney's fees, stating that "[s]uch attorney's fees will be determined by this Court at a later time."

Because appellant has failed to identify a final judgment or appealable order to support this Court's jurisdiction, she has failed to demonstrate this Court's jurisdiction over this appeal. Thus, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed: March 14, 2019

2